UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| KAW PROPERTIES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| UNITED FIRE & CASUALTY § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, United Fire & Casualty Company ("Defendant") hereby removes the action styled and numbered *Kaw Properties, LLC v. United Fire & Casualty Company,* Cause No. DC-2025-CV-0879, pending in the 237th Judicial District Court of Lubbock County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## THE STATE COURT ACTION

1. Plaintiff, Kaw Properties, LLC ("Plaintiff") commenced this lawsuit on June 23, 2025 by filing Plaintiff's Original Petition ("Original Petition") in the 237th Judicial District Court of Lubbock County, Texas – Cause No. DC-2025-CV-0879.

2.     Plaintiff's Original Petition names United Fire & Casualty Company as the only defendant in this action.[1]

## II.
## NOTICE OF REMOVAL IS TIMELY

3.     Defendant received Plaintiff's Petition on June 24, 2025. Accordingly, Defendant files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III.
## VENUE IS PROPER

4.     Venue is proper in the United States District Court for the Northern District of Texas, Lubbock Division under 28 U.S.C. §§ 124(a)(2) and 1441(a) because this district and division embrace the place in which the removed action is pending.

## IV.
## BASIS FOR REMOVAL

5.     Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

6.     Defendant was at the time this lawsuit was filed, and at the date of this Notice, a corporation organized under the laws of the State of Iowa, with its principal place of business in Cedar Rapids, Iowa. Consequently, Defendant is a citizen of Iowa for purposes of diversity of citizenship.

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit B.**

7. Plaintiff is a limited liability company organized under the laws of the State of Texas.[2]

8. The citizenship of a limited liability company is determined by the citizenship of each member and/or manager of the entity.[3] Based upon information and belief after a diligent search of publicly available sources,[4] including a review of public records filed with the Texas Secretary of State and the Texas real property records, Plaintiff's, *Kaw Properties, LLC,* principal office is located at 5014 Andrews HWY, Odessa, Texas 79762, and consists of a sole member, Kenneth Allen Wallace, who has a mailing and resident address located at 1416 N Grant Avenue Odessa, Texas 79761 and/or 4 Commandra Street Odessa, Texas 79758.

9. Upon information and belief, Plaintiff Kaw Properties, LLC is, and at the time this action was filed, an entity organized under the laws of Texas, with its principal place of business

---

[2]  *See* Plaintiff's Original Petition, attached as **Exhibit B.**
[3]  *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008); See also *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).
[4]  Courts in the Fifth Circuit have held that a defendant who has diligently investigated publicly available sources to determine that a plaintiff business entity is not a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of the plaintiff business entity upon information and belief. *See Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); *Rollins v. Fitts*, No. 1:18-cv-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) (noting that the Fifth Circuit has yet to expressly hold that information-and-belief allegations regarding citizenship are proper but citing *Volentine* to conclude that the Fifth Circuit would likely hold so). This Court has likewise concluded that the Fifth Circuit follows this practice or have concluded that information-and-belief allegations of citizenship are proper without analyzing the issue. *Dominguez v. Target Corp.*, 5:18-CV-23, 2019 WL 1004569, at *3 (S.D. Tex. Feb. 8, 2019) (citing *Rollins*, 2019 WL 138166, at *2, and quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018)) (stating that parties may plead facts "alleged upon information and belief" when "the facts are peculiarly within the possession and control of the [other party] or where the belief is based on factual information that makes the inference ... plausible" and that "[t]he Fifth Circuit and its district courts utilize this principle in the treatment of ... the issue of party citizenship").

in Texas, and Kenneth Allen Wallace is, and at the time this action was filed, an individual who is domiciled in Texas. Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

10. Based on the foregoing, there is now, and at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

11. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."

12. When removal is premised upon diversity jurisdiction, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[5] The Court must first examine Plaintiff's Original Petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement.[6] If it is not facially apparent, however, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[7] In Plaintiff's Original Petition, Plaintiff pleads that "Plaintiff seeks monetary relief of over $1,000,000, exclusive of interests and costs."[8]

13. Defendant denies the validity and merits of Plaintiff's claims in this action, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief requested whatsoever, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest, statutory or punitive damages, and costs.

---

[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[6] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[7] *Id*. at 1253.
[8] *See* Plaintiff's Original Petition, attached as **Exhibit B** at ¶ 4.

14. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V.
## COMPLIANCE WITH 28 U.S.C. §1446

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice or Removal will be given to all adverse parties promptly after the filing, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

16. As required by 28 U.S.C. Section 1446(a) and L.R. 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a. An index of all documents attached to (or filed with) this Notice that clearly identifies each document and indicates the date the document was filed in state court (if applicable), attached hereto as Exhibit A;

   b. A copy of the docket sheet in the state court action, attached hereto as Exhibit B;

   c. Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached hereto as Exhibits C-1 through C-5.

## VI.
## CONCLUSION

WHEREFORE, Defendant United Fire & Casualty Company hereby provides notice that this action is duly removed from the 237th Judicial District Court of Lubbock County, Texas, to the United States District Court for the Northern District of Texas, Lubbock Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael C. Upshaw*
    Michael C. Upshaw
    (Attorney-in-Charge)
    Texas State Bar No. 24099142
    mupshaw@zellelaw.com
    Hannah Motsenbocker
    Texas State Bar No. 24109829
    hmotsenbocker@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**
**UNITED FIRE & CASUALTY**
**COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on July 24, 2025:

    Vincent P. Circelli
    State Bar No. 24058804
    vcircelli@dcclawfinn.com
    Preston J. Dugas III
    State Bar No. 24050189
    pdugas@dcclawfinn.com
    Sarah Arroyo
    State Bar No. 24138756
    sarroyo@dcclawfirm.com
    DUGAS & CIRCELLI, PLLC
    4800 Bryant Irvin Court
    Fort Worth, Texas 76107
    Telephone: (817) 817-7000
    Facsimile: (682) 219-0761

    **ATTORNEYS FOR PLAINTIFF**

    */s/ Michael C. Upshaw*
    Michael C. Upshaw