# EXHIBIT C-1

Filed 6/23/2025 1:18 PM
Sara L. Smith
Lubbock County - 237th District Court
Lubbock County, Texas

CAUSE NO. DC-2025-CV-0879                SG

| | | |
|---|---|---|
| KAW PROPERTIES, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 237TH JUDICIAL DISTRICT |
| | § | |
| UNITED FIRE & CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | LUBBOCK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

KAW PROPERTIES, LLC, Plaintiff(s) herein, files this Original Petition against Defendant, UNITED FIRE & CASUALTY COMPANY, and, in support of its causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, KAW PROPERTIES, LLC, owns the property made the basis of this suit located at: 4817 Interstate 27 and 4815 Interstate 27, Lubbock, Texas in Lubbock County, Texas (the "**Property**").

2. Defendant, UNITED FIRE & CASUALTY COMPANY ("Defendant") is a domestic entity authorized to engage in the insurance business in the State of Texas and may be served by serving its Registered Agent for Service of Process, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. Service is requested by private process server at this time.

### II. DISCOVERY

3. Plaintiff intends to conduct discovery under a Level 3 control plan pursuant to the Texas Rules of Civil Procedure.

### III. CLAIM FOR RELIEF

4. At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief over $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

### IV. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Lubbock County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.    FACTUAL BACKGROUND

7. Plaintiff, Kaw Properties, LLC, entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8. The agreement was drafted by Defendant and assigned Policy Number 85327545 (the "**Policy**"). Based on information and belief, the Policy's effective date was from June 6, 2023 through June 6, 2024 (referred to as the "**Policy Period**").

9. Coverage under the Policy covers physical damage to the buildings at the Property as a result of a covered loss.

10. During the Policy Period, a severe hail, wind and rainstorm occurred at the Property and throughout large swathes of Lubbock County, Texas, which severely damaged Plaintiff's Property.

11. Plaintiff subsequently filed a claim under the Policy.

12. Defendant assigned the claim, claim number 4220317293 (referred to as the "Claim").

**A.    Investigations, Reports, and Denial**

13. Defendant assigned an adjuster to Plaintiff' claim that visited the Property and purportedly "inspected" the Property. Defendant acknowledged hail damage at the Property. However, Defendant denied coverage for the observed hail damage at Property and claimed it was the pre-existing and the result of a prior storm in 2015.

14. Defendant did not provide a proper explanation for why it denied coverage for the hail, wind, and rainstorm damage.

15. The letter claims there was no weather data to support a hail storm at the Property within the Policy Period and that the damage therefore must have occurred prior to June 23, 2023.

16. However, the National Oceanic and Atmospheric Administration's public Storm Event database clearly records 4.50-inch hail falling in Lubbock, Texas during the Policy Period, on the exact date Defendant lists as the date of loss.

**Storm Events Database**

Event Details:

| | |
|---|---|
| Event | Hail |
| Magnitude | 4.50 in. |
| State | TEXAS |
| County/Area | LUBBOCK |
| WFO | LUB |
| Report Source | NWS Employee |
| NCEI Data Source | CSV |
| Begin Date | 2023-06-23 17:07 CST-6 |
| Begin Location | 4SE WOLFFORTH |
| Begin Lat/Lon | 33.4705/-101.9688 |
| End Date | 2023-06-23 17:42 CST-6 |
| End Location | 0N (LBB)LUBBOCK INTL AR |
| End Lat/Lon | 33.67/-101.82 |
| Deaths Direct/Indirect | 0/0 (fatality details below, when available...) |
| Injuries Direct/Indirect | 0/0 |
| Property Damage | 50.00M |
| Crop Damage | 0.00K |
| Episode Narrative | Strong daytime heating and good moisture levels proved sufficient for scattered thunderstorm development up and down much of the High Plains on the afternoon and evening of the 23rd. In addition, a storm system emerging from the northern Rockies provided moderate to strong vertical wind shear over this same corridor, which promoted storm organization. Several of the thunderstorms gained strong mid-level rotation. These supercell thunderstorms generated very large hail and torrential downpours as they tracked eastward through the evening hours. One storm took aim at the south side of Lubbock (Lubbock County), producing golf ball to baseball size hail, and even larger in spots. The giant stones were widely spaced, but inflicted property damage where they impacted objects like cars and buildings. High wind reports from the Texas Tech University West Texas mesonet site are listed below: 67 mph at Paducah (Cottle County), 58 mph at Hackberry (Cottle County), and 58 mph at Childress (Childress County). Maximum wind gusts from area ASOS stations are listed below: 69 mph at Childress Municipal Airport (Childress County). |
| Event Narrative | A large swath of giant hail occurred over an extensive portion of the city of Lubbock causing widespread damage to roofs and vehicles. The largest hailstone observed was 4.50 inches in diameter. |

17. Defendant also claimed that the hail damage across the roofs was prior damage that existed from the hail storm that was the basis for a 2015 hail claim at the Property prior to Plaintiff's ownership.

18. Defendant claims that the damages it found at the Property matched the damages from a prior 2015 claim and that Plaintiff failed to repair those damaged areas and that as a result the damage was not covered under the Policy.

19. However, Defendant failed to ask Plaintiff whether the repairs were completed to the Property following its 2015 hail claim or for any documents regarding the repairs.

20. Based on information and belief, Defendant used this as a pretext for denying Plaintiff's claim despite having found covered damages.

21. Defendant continuously insured the Property, and never notified Plaintiff that there were any unrepaired hail damage, did not condition renewal on repairs, and did not request repair invoices or inspections following this 2015 hail storm or prior to denial of this Claim.

22. Further, Defendant failed to reasonably research the weather to determine whether a hail storm occurred during the Policy Period. Such information is critical in order to properly evaluate a claim for hail damages.

23. Based on information and belief, Defendant unreasonably neglected easily accessible public weather data that confirms a hailstorm occurred on the exact date Defendant acknowledges as the date of loss or purposefully ignored the information.

24. Due to its actions and inactions Defendant blindly relied on unreasonable conclusions on vital facts regarding the Claims without any documents in support. This was unreasonable and formed the basis of Defendant's wrongful denial.

25. To date, Defendant has not paid Plaintiff the value of its Claims under its Policy with Defendant. As a result, Plaintiff has incurred additional damages and the increased costs of repair that were, and still are to this day, a natural, probable, and foreseeable consequence of Defendant's failure to pay the amount owed on the Claims. For example, the costs of repair have increased

substantially since Defendant's denial of the Claims.

26. Defendant and its adjuster assigned to the Claims failed to perform a proper inspection and as a result made a coverage decision that failed to include all of the covered damage sustained at the Property and undervalued the damage observed during the inspection.

27. Moreover, Defendant and its adjuster performed an outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses for the covered property.

**B.   Policy Compliance**

28. Plaintiff fully complied with all requirements under the Policy to properly notify the Defendant of the loss to its covered property.

## VI.   CAUSES OF ACTION

**A.   Breach of Contract**

29. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 28 of this petition.

30. Defendant entered into the Policy with Plaintiff.

31. Plaintiff's Property sustained damage during the Policy Period as a result of hail and wind, both covered causes of loss.

32. Defendant has breached the terms of the Policy by wrongfully denying covered damages instead of paying the full benefits owed to Plaintiff under the Policy for a covered loss to the Property.

33. As a result of Defendant's breach of the Policy, Plaintiff has sustained: (1) actual damages, (2) consequential damages (related to increased costs of construction and other related consequential damages), and (3) incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

34. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 33 of this Petition.

*Prompt Payment of Claims Statute*

35. As set forth above, Plaintiff was insured under the Policy during the Policy Period.

36. During the Policy Period, a wind and hailstorm swept through Lubbock County, Texas and damaged Plaintiff's Property.

37. As a result, Plaintiff gave proper notice of a claim under the Policy to Defendant.

38. Defendant is under an obligation to promptly pay Plaintiff's Claims.

39. Defendant has delayed payment of Plaintiff's claim for a time exceeding the period specified by statute by wrongfully denying damages clearly covered from the Policy. Defendant has yet to pay any amount on Plaintiff's Claims.

40. Defendant failed to pay the full claim amount and delayed the payment on covered damage to the Property.

41. To date, Defendant has not tendered payment for all of Plaintiff damages arising out of it's insurance Claim with Defendant.

42. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

43. As a result of the insurance code violations listed above, Plaintiff, in addition to Plaintiff's claim for damages, is entitled to statutory interest and attorney's fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

44. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

45. Defendant violated § 541.051 of the Texas Insurance Code by misrepresenting the terms and benefits of coverage:

   a. Defendant's agents had obtained and reviewed all important relevant reports on the Property and properly investigated the roof damage enabling Defendant to make a reasonable determination as to whether the roof damage was covered when in reality Defendant withheld the underwriter's inspection report;

   b. There was no damage to Plaintiff's roofing system sustained during a storm which occurred during the Policy Period;

   c. Virtually all observed storm related damage was from wind, hail, and rainstorms which occurred outside the Policy Period;

   d. There were no storms that occurred during the Policy Period; and

   e. Any other wrongful acts by Plaintiff that may be found in its claim file.

46. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Defendant damages.

*Violation of § 541.060(a)(1):*

47. Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue by undervaluing the damage to the Property.

48. Specifically, Defendant has misrepresented the following:

   a. Misrepresenting material facts as set forth in paragraph 45;

   b. Failing to review its underwriter's inspection report and consider it during the processing of the Claim;

   c. Failing to properly investigate the exterior and interior damage;

   d. Failing to properly research and investigate the necessary materials and repair methods required to return Plaintiff's Property back to its pre-loss condition;

   e. Failing to send the underwriter's inspection report to its adjuster for them to review when determining whether the storm damage at the Property was pre-existing;

   f. Ignoring and/or attempting to discredit findings that show covered damage in the Claim;

    g.    Failing to acknowledge that hail/wind damage sustained during the Policy Period affected and hindered the overall functionality of the roofing system; and

    h.    That the roofing system at the Property was not damaged during the Policy Period.

49.    Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(2):*

50.    Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim as insurer's liability had become reasonably clear that the covered damage caused substantial damage to Plaintiff's property.

51.    Defendant has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

    a.    Making the misrepresentations at paragraph 45;

    b.    Failing to properly investigate the roof damage;

    c.    Failing to record the obvious evidence of covered damage across the entire roof;

    d.    Failing to perform a reasonably search of weather records to determine whether a hail storm occurred during the Policy Period;

    e.    Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

    f.    Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from a 2015 hail storm without any evidence;

    g.    Not requesting any documents regarding repairs to the Property for the 2015 hail storm;

    h.    Using a prior hail claim for a 2015 storm as a pretext for denying Plaintiff's Claim.

52.    Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(3):*

53. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the Claim or offer of a compromise settlement of a claim.

54. Defendant has failed to promptly provide Plaintiff with a reasonable explanation of the basis for Defendant's denial of the Claim. Defendant's July 14, 2024 letter failed to explain how the majority of the hail and wind damage across the roof damage was from a 2015 hail storm and how that would still be visible after nearly nine years.

55. Defendant also failed to provide a reasonable explanation of how it was able to determine the interior and exterior hail damage did not occur during the Policy Period despite weather data that showed a significant size hailstorm was recorded in Lubbock, Texas on the same date of loss that was reported to Defendant. Defendant merely based its decision on its adjuster's unreasonable and baseless conclusions.

56. Further, Defendant's denial letter was mostly regurgitation of Policy language and the excuses it's adjuster, came up with in collusion with Defendant.

57. If Defendant had definitive proof damage to the Property pre-existed the Policy Period, then such information should have been disclosed to Plaintiff. However, Defendant has provided no explanation as to why they withheld such an important document as the underwriter's inspection report.

58. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Plaintiff's damages.

*Violation of § 541.060(a)(4):*

59. Defendant has not provided Plaintiff any notice as to whether it's Claims have been denied or approved. Defendant failed to provide a letter clearly denying Plaintiff's Claims until July 14, 2024. There is no reason Defendant could not have issued a decision letter prior to July 14, 2024.

60. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.

*Violation of § 541.060(a)(7):*

61. Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claims without conducting a reasonable investigation with respect to the Claim.

62. Defendant has refused to pay Plaintiff's Claims without conducting a reasonable investigation by:

   a. Making the misrepresentations at paragraph 45;

   b. Failing to properly investigate the roof damage;

   c. Failing to record the obvious evidence of covered damage across the entire roof;

   d. Failing to perform a reasonably search of weather records to determine whether a hail storm occurred during the Policy Period;

   e. Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

   f. Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from a prior hail claim for a 2015 storm without any evidence;

   g. Not requesting any documents regarding repairs to the Property for the 2015 hail claim;

   h. Using a prior hail storm claim as a pretext for denying Plaintiff's Claim; and

   i. Hiring an adjuster in an effort to solely deny Plaintiff's Claim, despite clear evidence of covered damage to the contrary.

63. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff's damages.

64. Defendant has violated § 541.061 by making an untrue statement of material fact such as that no weather data exists to support a claim for hail damage during the Policy Period and that Plaintiff had failed to repair the damaged Property following a 2015 hail storm.

C. **DTPA Violations**

65. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 64 of this Petition.

66. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

67. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

68. Defendant has violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing; and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)–(3) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

69. Specifically, Defendant conveyed that that no weather data exists to support a claim for hail damage during the Policy Period despite clear evidence that a hail, wind, and rainstorm occurred during the Policy Period.

70. Further, Defendant claimed Plaintiff had failed to repair portions of the Property following a 2015 hail storm and that as a result it failed to properly protect the Property.

71. But Defendant knew it issued payments for covered damages for the 2015 hail claim yet never notified Plaintiff of any alleged unrepaired hail damage, conditioned a renewal on repairs, or requested repair invoices or inspections and instead used this as a basis for denial.

72. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Breach of The Duty of Good Faith and Fair Dealing**

73. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 72 of this Petition.

74. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

75. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

76. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying the Claims and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

77. Specifically, Defendant has breached the common law duty of good faith and fair dealing owed to Plaintiff by:

   a. Making the misrepresentations at paragraph 45;

   b. Failing to properly investigate the roof damage;

   c. Failing to record the obvious evidence of covered damage across the entire roof;

   d. Failing to perform a reasonably search of weather records to determine whether a hail storm occurred during the Policy Period;

   e. Unreasonably relying on the statements of others regarding material facts vital to evaluating a claim without any supporting evidence;

   f. Misrepresenting to Plaintiff that the interior and exterior damage found at the Property was damage from a prior 2015 hail claim without any evidence;

      g. Not requesting any documents regarding repairs to the Property for the 2015 hail claim;

      h. Using the 2015 hail claim as a pretext for denying Plaintiff's Claim; and

      i. Hiring an adjuster in an effort to solely deny Plaintiff's Claim, despite clear evidence of covered damage to the contrary.

78. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally or with gross negligence.

79. Defendant was aware at all times that its actions would result in the denial or underpayment of Plaintiff's Claims, and cause extraordinary harm associated with Plaintiff's Claims.

80. As a result of Defendant's acts and omissions, Plaintiff sustained actual damages.

## VII. ATTORNEY'S FEES

81. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 80 of this petition.

82. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

83. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

84. Plaintiff further prays that it be awarded all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

85. Plaintiff further prays it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

### VIII.   CONDITIONS PRECEDENT

86.   All conditions precedent to Plaintiff right to recover have been fully performed or have been waived by Defendant.

### IX.   DEMAND FOR JURY

87.   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

### X.   DISCOVERY REQUESTS

88.   Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1–12.

### XI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, consequential damages, statutory interest, and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Vincent P. Circelli*

Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dcclawfirm.com

**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Court
Fort Worth, Texas 76107
Telephone:   (817) 817-7000
Facsimile:    (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Easley on behalf of Vincent Circelli
Bar No. 24058804
aeasley@dcclawfirm.com
Envelope ID: 102303810
Filing Code Description: PETN - Petition Filed
Filing Description: Plaintiff's Original Petition
Status as of 6/23/2025 1:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Vincent PCircelli | | vcircelli@dcclawfirm.com | 6/23/2025 1:18:10 PM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 6/23/2025 1:18:10 PM | SENT |
| Amy Easley | | aeasley@dcclawfirm.com | 6/23/2025 1:18:10 PM | SENT |