# EXHIBIT C-5

CAUSE NO. DC-2025-CV-0879　　　　　　　　　　　　　　　　TB

| | | |
|---|---|---|
| KAW PROPERTIES, LLC | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | LUBBOCK COUNTY, TEXAS |
| UNITED FIRE & CASUALTY COMPANY, | § § § § | |
| Defendant. | § | 237TH JUDICIAL DISTRICT |

### DEFENDANT UNITED FIRE & CASUALTY COMPANY'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant United Fire & Casualty Company ("Defendant") hereby files this Original Answer and Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1.　　Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's First Amended Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiff prove every fact in support of its claims for breach of contract and violations of the Texas Insurance Code by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## SPECIAL EXCEPTIONS

2.　　Texas follows a "fair notice" standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry,* 221 S.W.3d 609, 612 (Tex. 2007). The purpose of the fair notice requirement is to give

the opposing party information sufficient to enable it to prepare a defense. *Horizon/ CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000).

3. Pursuant to Rule 91 of the Texas Rules of Civil Procedure, Defendant specially excepts to Plaintiff's Original Petition for failing to plead sufficient facts to provide fair notice of the claim(s) asserted against it. Specifically, Defendant specially excepts to Plaintiff's factual background under section V. and its breach of contract cause of action under VI. to Plaintiff's Original Petition because Plaintiff has failed to include a specific date of loss. See TEX. R. CIV. P. 45(b) and 47(a).

4. Under Texas law, Plaintiff has the initial burden of establishing that their claimed damages, are in fact, covered under the terms of the Policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.,* 460 S.W.3d 597, 603 (Tex. 2015). "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id.* Here, Defendant issued policy number 85327545 to Plaintiff insuring Plaintiff's property for the policy period starting June 6, 2023 and ending June 6, 2024 (the "Policy"). The Policy provides that "[w]e will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss" and applies only to loss that occurs during the Policy period.

5. Plaintiff merely asserts that "[d]uring the Policy Period, a severe hail, wind and rainstorm occurred at the Property and throughout large swathes of Lubbock County, Texas, which severely damaged Plaintiff's Property."[1] Plaintiff failed to provide the date or date(s) that the alleged loss occurred and therefore, Defendant does not have sufficient information to prepare a defense in accordance with the Policy terms and/or under Texas law. For instance, Defendant

---

[1] See Plaintiff's Original Petition at § V, ¶¶ 9-17.

**DEFENDANT UNITED FIRE & CASUALTY COMPANY'S ORIGINAL ANSWER AND DEFENSES**   Page 2

needs to know the date of loss Plaintiff claims the alleged damage occurred in order to analyze whether Plaintiff complied with all of the Policy's conditions, such as prompt notice of the claim, and in order to analyze causation.

6. As a whole Plaintiff's Original Petition fails to give Defendant fair notice of the facts and circumstances supporting Plaintiff's breach of contract claim as required under Texas law. TEX. R. CIV. P. 91; TEX. R. CIV. P. 45 & 47. Therefore, Plaintiff should be required to replead to allow Defendant to determine the nature, basic issues, and types of evidence relevant to such controversy and prepare a defense. Alternatively, and in the event that Plaintiff cannot amend its Original Petition to give Defendant fair notice so that it can prepare a defense, Plaintiff's breach of contract claim should be dismissed with prejudice.

## III.
## DENIAL OF CONDITIONS PRECEDENT

7. Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit in the following particulars.

### *Loss During the Policy Period*

8. Defendant's policy number 85327545, which was issued to Plaintiff insuring Plaintiff's property for the policy period starting June 6, 2023 and ending June 6, 2024 (the "Policy"), applies only to loss that occurs during the Policy period. To the extent any part of the claimed loss for which Plaintiff seeks recovery did not occur during this period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

9. Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss to covered property that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the deductible.

*Loss Payment*

10. Defendant's obligation to pay under the Policy extends, if at all, only to the extent provided by the Policy's Loss Payment and Valuation provisions.

11. Discovery in this matter is ongoing, and Defendant reserves the right to assert that Plaintiff has failed to satisfy other conditions precedent to the recovery it seeks in this lawsuit.

## IV.
## AFFIRMATIVE DEFENSES

12. Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

   a. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendant upon which relief can be granted.

   b. Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.

   c. Plaintiff's claims are subject to the Loss Payment and Valuation provisions of the Policy.

   d. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage as required by the Policy.

   e. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by or did not result from a covered cause of loss or was caused by an excluded cause of loss.

   f. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by wear and tear, rust or other

corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

g. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by settling, cracking, shrinking, or expansion.

h. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

i. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by water that backs up or overflows, or is otherwise discharged from a sewer, drain, sump, sump pump, or related equipment.

j. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by water under the ground surface pressing on, or flowing or seeping through: (a) foundations, walls, floors or paved surfaces, (b) basements, whether paved or not, or (c) doors, windows, or other openings.

k. Plaintiff's claims are limited, in whole or in part, to the extent the alleged interior and/or personal property damage for which Plaintiff seeks recovery was caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (1) the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or (2) the loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

  l. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by Plaintiff's neglect to use all reasonable means to save and preserve property from further damage at and after the time of loss.

  m. Plaintiff's claims are barred, in whole or in part, to the extent the alleged damage for which Plaintiff seeks recovery was caused by faulty, inadequate, or defective planning, zoning, development, surveying, siting; design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation, or remodeling; or maintenance.

  n. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Defendant would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair any covered loss or damage.

  o. Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of

exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendant's financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

13. Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## V.
## RESERVATION OF RIGHTS

14. By appearing and answering herein, Defendant does not waive, and expressly reserves, all rights and defenses that Defendant may have or that may arise under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendant may have or that may arise under the Policy and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant United Fire & Casualty Company respectfully requests that Plaintiff be required to replead its breach of contract cause of action to include the specific date or dates of loss in order to provide sufficient facts to allow Defendant to determine the nature, basic issues, and types of evidence relevant to such controversy and prepare a defense. Alternatively, and in the event that Plaintiff cannot amend its Original Petition as requested herein, this Court should dismiss Plaintiff's breach of contract claim with prejudice.

Defendant further prays that upon final judgment: prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other

and further relief to which Defendant may be justly entitled, whether at law or in equity.

          Respectfully submitted,

          **ZELLE LLP**

          By: */s/ Michael C. Upshaw*
              Michael C. Upshaw
              Texas State Bar No. 24099142
              mupshaw@zellelaw.com
              Hannah Motsenbocker
              Texas State Bar No. 24109829
              hmotsenbocker@zellelaw.com

          901 Main Street, Suite 4000
          Dallas, TX 75202-3975
          Telephone:   214-742-3000
          Facsimile:    214-760-8994

          **ATTORNEYS FOR DEFENDANT**
          **UNITED FIRE & CASUALTY**
          **COMPANY**

## CERTIFICATE OF SERVICE

     A true and correct copy of the forgoing has been served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on July 21, 2025:

    Vincent P. Circelli
    State Bar No. 24058804
    vcircelli@dcclawfinn.com
    Preston J. Dugas III
    State Bar No. 24050189
    pdugas@dcclawfinn.com
    Sarah Arroyo
    State Bar No. 24138756
    sarroyo@dcclawfirm.com
    **DUGAS & CIRCELLI, PLLC**
    4800 Bryant Irvin Court
    Fort Worth, Texas 76107
    Telephone: (81 7) 817-7000
    Facsimile: (682) 219-0761

    **ATTORNEYS FOR PLAINTIFF**

                        */s/ Michael C. Upshaw*
                        Michael C. Upshaw

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael C. Upshaw on behalf of Michael C. Upshaw
Bar No. 24099142
mupshaw@zellelaw.com
Envelope ID: 103363760
Filing Code Description: Answer/Response
Filing Description: Defendant United Fire & Casualty Company's Original Answer and Defenses to Plaintiff's Original Petition
Status as of 7/21/2025 11:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Vincent PCircelli | | vcircelli@dcclawfirm.com | 7/21/2025 9:59:34 AM | SENT |
| Amy Easley | | aeasley@dcclawfirm.com | 7/21/2025 9:59:34 AM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 7/21/2025 9:59:34 AM | SENT |
| Daniel Permenter | | dpermenter@zellelaw.com | 7/21/2025 9:59:34 AM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 7/21/2025 9:59:34 AM | SENT |
| Hannah Motsenbocker | | HMotsenbocker@zellelaw.com | 7/21/2025 9:59:34 AM | SENT |